**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GERALD ROSARIO REVIELLO, SR.,

      Plaintiff,

CAPITAL ONE FINANCIAL
CORPORATION

and

CAPITAL ONE BANK (USA),

      Defendants.

CIVIL ACTION NO. 3:11-CV-1457

(JUDGE CAPUTO)

## MEMORANDUM

Defendants Capital One Financial Corp. and Capital One Bank (USA) move to dismiss plaintiff Reviello's complaint.  Plaintiff Reviello alleges Capital One failed to report a billing dispute, in violation of the Fair Credit Reporting Act ("FCRA").  Capital One contends that Reviello has failed to state a claim under the FCRA, as his allegations rest on an overly broad and counterintuitive reading of the statute's plain language.  The Court agrees and will grant the motion.

## BACKGROUND

Plaintiff Reviello alleges he disputed his accounts with Capital One and that he reported these disputes with a credit reporting agency.  However, when Capital One was contacted by the agency, it did not tell the agency that Reviello had previously contacted Capital One to dispute his account.

Reviello filed suit in the Court of Common Pleas of Lackawanna County, Pennsylvania.  Reviello's suit brings one claim for violation of the FCRA.  Specifically, Reviello claims Capital One violated 15 U.S.C. § 1681s-2(b) – which deals with a company's

duties once it is notified of a dispute by a consumer reporting agency – in not reporting the dispute to the consumer reporting agency.  Capital One then filed a motion to dismiss.  The motion has been fully briefed and is ripe for review.

## DISCUSSION

Capital One's motion to dismiss will be granted because Reviello's allegation is based on an overly broad and counterintuitive reading of the plain language of the FCRA.

As originally enacted in 1970, the stated purpose of the FCRA was to ensure accurate and fair credit reporting through the implementation of reasonable procedures by consumer reporting agencies:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added). *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Congress subsequently amended the FCRA in 1996 to extend these sorts of duties to furnishers of information such as Capital One. *See Chiang v. Verizon New England Inc*., 595 F.3d 26, 36 (1st Cir.2010); *id*. ("This [extension] was intended to close an identified 'gap in the FCRA's coverage,' whereby even dutiful investigations of consumer disputes by [consumer reporting agencies] could be frustrated by furnishers' irresponsible verification of inaccurate information, without legal consequence to the furnishers.") (quoting The Consumer Reporting Reform Act of 1994, S.Rep. No. 103–209, at 6 (1993)).

15 U.S.C. § 1681i(a)(2)(A) states:

Before the expiration of the 5-business-day period beginning on the date on

which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C. § 1681s-2(b) states:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(I) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

Simply put: under 15 U.S.C. § 1681s-2(b), once Capital One was notified by the consumer reporting agency – pursuant to 15 U.S.C. § 1681i(a)(2)(A) – that Reviello was disputing his account, Capital One had an obligation to investigate the dispute and report

its findings to the agency.  However, Reviello claims that Capital One was *also* obligated to tell the consumer reporting agency that he was disputing the account when the agency contacted Capital One.  Such an obligation is not found in the language of the statute; it also simply does not make sense.  Why would Capital One, in being notified that there was a dispute about the account by the consumer reporting agency, be required to tell the agency it knew of the dispute beforehand?  Such a requirement is counterintuitive and would create a superfluous duty  that would not further the purpose of the FCRA: to ensure the accurate reporting of credit information.

## CONCLUSION

Because Reviello does not allege that Capital One violated any of the obligations imposed on it by 15 U.S.C. § 1681s-2(b), Capital One's motion to dismiss will be granted.

An appropriate order follows.


 10/17/11                                                     /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GERALD ROSARIO REVIELLO, SR.,

      Plaintiff,

CAPITAL ONE FINANCIAL
CORPORATION

and

CAPITAL ONE BANK (USA),

      Defendants.

CIVIL ACTION NO. 3:11-CV-1457

(JUDGE CAPUTO)

## ORDER

   **NOW**, this ___17th___ day of October, 2011, **IT IS HEREBY ORDERED THAT**

defendant Capital One's motion to dismiss (Doc. 6) is **GRANTED**.


        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge